# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2020

Lyle W. Cayce
Clerk

No. 19-10137

Derrick Adrian Johnson,

*Plaintiff—Appellant*,

*versus*

United States Department of Justice; United States Attorney Northern District of Texas Dallas; State Bar of Texas; Office of the Federal Public Defender,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1376

Before Jones, Costa, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Derrick Adrian Johnson, federal prisoner # 36454-177, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's denial of his motion to recuse and dismissal of the civil suit he filed to bring claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concerning several alleged systemic problems in the justice system that infringed his constitutional rights and affected his trial. The IFP motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

After consideration of Johnson's filings in this court, we conclude that he has not met this standard. Because he presents no argument concerning the denial of his recusal motion, he has abandoned this claim. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because success on his claims concerning the effects of alleged systemic problems on his trial and his constitutional rights would implicate the validity of his conviction, these claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as FRIVOLOUS. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous constitutes a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of his suit as frivolous. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Johnson is WARNED that accumulating three strikes will preclude him from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).